IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| PHE, Inc. | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. TBD |
| | ) | |
| DOES 1-96. | ) | ***JURY TRIAL DEMANDED*** |
| | ) | |
|     *Defendants*. | ) | |
| | ) | |

**[PROPOSED] ORDER**

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to take discovery prior to rule 26(f) conference (filed December 12, 2012) is granted.

**IT IS FURTHER ORDERED** that, plaintiff may immediately serve discovery on the third party ISPs identified in Exhibit A to plaintiff's complaint to obtain the identity of each Doe defendant by serving a subpoena pursuant to FED. R. CIV. P. Rule 45 that seeks documents that identify each Doe defendant, including the name, current (and permanent) addresses, e-mail addresses, and Media Access Control addresses for each defendant.  The disclosure of this information is consistent with the ISPs' obligations under the Cable Service Privacy Act, 47 U.S.C. § 551(c)(2)(B), which provides:

    (2)    A cable operator may disclose [personally identifiable] information if the disclosure is

              ...

        (B)    subject to subsection (h) of this section, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

**IT IS FURTHER ORDERED** that, not later than **January 29, 2013**, the third party

ISPs shall serve Does 1-96 with a copy of the Rule 45 subpoena and a copy of this order.  The ISPs may serve Does 1-96 using reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that, not later than **March 12, 2013**, Does 1-96 may file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously ("the motion period").  The ISPs shall not turn over any Doe defendants' identifying information to plaintiff PHE, Inc. prior to the expiration of this motion period.  If a Doe defendant or ISP files a motion to quash or otherwise challenges the subpoena, the ISPs shall not turn over to plaintiff any information relating to such moving party until the issues have been addressed and the Court issues an order instructing the ISPs to turn over the requested discovery.

**IT IS FURTHER ORDERED** that plaintiff shall have to and including **March 26, 2013**, by which to file its brief(s) in response to any Doe motions.  Any reply briefs shall be filed by the moving Doe defendants no later than **April 9, 2013**.

**IT IS FURTHER ORDERED** that the ISPs shall have to and including **March 15, 2013,** by which to produce to plaintiff PHE, Inc. the information responsive to the subpoena as to any non-moving Doe defendant(s) only.

**IT IS FURTHER ORDERED** that a Doe defendant or ISP who moves to quash or modify the subpoena, or to proceed anonymously, shall at the same time as his or her filing also notify all ISPs so that the ISPs are on notice not to release any of their respective contact information to plaintiff until the Court rules on any such motions.

**IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

**IT IS FURTHER ORDERED** that any information disclosed to plaintiff in response to the Rule 45 subpoena may be used by plaintiff solely for the purpose of protecting its rights under the Copyright Act as set out in the Complaint in this cause.

**IT IS FURTHER ORDERED** that each Rule 45 subpoena served upon a third party ISP pursuant to this order shall have a copy of this order attached.

**IT IS FURTHER ORDERED** that an ISP that receives a subpoena pursuant to this order shall confer with PHE, Inc. and shall not assess any charge in advance of providing the information requested in the subpoena.  An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff.

**IT IS FURTHER ORDERED** that PHE, Inc. shall serve a copy of this Opinion and Order along with any subpoenas issued pursuant to this order to the listed ISPs.

**IT IS FURTHER ORDERED** that the 120-day period within which plaintiff must effectuate service in this cause of action shall commence on **March 15, 2013**, with respect to any non-moving Doe defendant whose identifying information is required to be produced to plaintiff on or before such date.

**IT IS FURTHER ORDERED** that the 120-day period within which plaintiff must effectuate service with respect to any moving Doe defendant shall be determined upon the resolution of the respective defendants' motions, if any, contesting the Rule 45 subpoena(s) issued to the ISPs in this cause.

Dated: _____          By: _____