IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | |
|---|---|
| PHE, INC. <br><br> PLAINTIFF, <br><br> V. <br><br> DOES 1 – 96, <br><br> DEFENDANTS | Case No. 4:12-cv-02296-HEA <br><br> Hon. Judge Henry A. Autrey |

**MOTION TO REQUIRE PLAINTIFF TO POST BOND FOR COSTS AND EXPENSES**

NOW COMES, JOHN DOE 52, ("Doe") by and through counsel,[1] who moves this Court for an order requiring the Plaintiff, PHE, Inc., to post a bond in the amount of at least $250,000.00 for costs and expenses, for each defendant to be served, representing a portion of the potential attorney's fees and expenses they should reasonably expect to incur in this matter.

Of course, Doe can only move for his $250,000, but respectfully submits that the Court may wish to *sua sponte* consider applying the same to other Defendants in this action.

> Courts across the country have observed that the companies
> involved in this type of litigation do not seem interested in actually litigating their
> copyright claims. Rather, they appear to be using the federal courts only to obtain
> identifying information for the ISP owners and then attempting to negotiate a quick
> settlement.

*PHE, Inc. v. Does 1-105*, Case No. 1:12-cv-03342-WJM-KLM (ECF Doc. 6 at 9) (Colo. Jan 4, 2013) (dismissing Does for improper joinder with same swarm, same Plaintiff, as case at hand).

I. **Introduction**

---

[1] Jonathan LA Phillips, *pro hac vice*.

[2] *PHE, Inc. v. Does 1-105, supra*; SBO *Pictures, Inc. v. Does 1-3,036,* Case No. 11-cv-4220 (ECF Doc. 14), 2011 WL 6002620, at *3 (N.D. Cal Nov. 30, 2011)*; VPR Internationale v. Does 1-1,017*, Case No.11-cv-02068 (ECF Doc. 15 at 2), 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011) ("Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect . . . [t]he infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.")

While courts do not typically require Plaintiffs to post bond to cover a Defendant's potential costs and expenses if a Defendant prevails, mass-Doe litigation is not typical. Federal Courts have been roundly rejecting these cases and their unnecessary and prejudicial discovery practices for some time. *See, e.g. PHE, Inc. v. Does 1 – 105*, Case No. 1:12-cv-03342-WJM-KLM (ECF Doc. 6, p. 9) (D.C. Colo. Jan 4, 2013) (involving same Plaintiff & same so-called Hash File). In copyright cases, a prevailing defendant is entitled to recover costs, which include attorney's fees. 17 U.S.C. § 505. Here, Doe is likely to prevail, as he did not download any copyrighted material. He has supplied a declaration regarding the same. *See,* Exhibit A. Doe's Declaration combined with judicial recognition[2] that a bill-payer may not be the infringer, makes it very clear that he should prevail in this action.

Of course, Doe can only move for his $250,000, but respectfully submits that the Court may wish to *sua sponte* consider applying the same to other Defendants in this action. Doing so will, at the worst, simply level the playing field for Does and Defendants who may be paying nuisance value settlements due to the fact that out-of-jurisdiction Plaintiffs may not pay their costs if they prevail, and will dampen mass-Doe plaintiffs "plundering of the citizenry." To fail to do so will simply make it more difficult, if not impossible, for Doe to recover his costs and attorney's fees from a Plaintiff outside this jurisdiction.

**II.  Legal Argument**

In support of his position, Doe submits the following arguments.

1.  This Court has discretion to force the payment of such bond

---

[2] *PHE, Inc. v. Does 1-105, supra*; SBO *Pictures, Inc. v. Does 1-3,036,* Case No. 11-cv-4220 (ECF Doc. 14), 2011 WL 6002620, at *3 (N.D. Cal Nov. 30, 2011)*; VPR Internationale v. Does 1-1,017*, Case No.11-cv-02068 (ECF Doc. 15 at 2), 2011 WL 8179128 (C.D. Ill. Apr. 29, 2011) ("Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect . . . [t]he infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment.")

It must go uncontroverted that this Court has the power to ensure that PHE will pay the costs, including attorney's fees, incurred by Doe if he prevails in this matter. *Simulnet E. Assocs. V. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994); *AF Holding LLC v. Trinh*, Case No. 12-cv-02393-CRB (ECF Doc. 24) (N.D. Cal. Nov. 9, 2012). It is recognized by many Circuits that the fundamental issue surrounding security for costs – and here attorney's fees – is procedural and this Court's discretion in administering procedural matters is far-reaching. *See, Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980); *Lance, Inc. v. Dewco Svcs*, 422 F.2d 778, 773-84 (9th Cir. 1970); *Wawes v. Club Ecuestre El Comandante*, 535 F.2d 140, 143 (1st Cir. 1976). Thus, despite the Eastern District of Missouri not having any local rule regarding the posting of a bond (outside of what appears to be Admiralty cases), it retains jurisdiction to do so. At least one Appellate Court has approved of another district court's local rules regarding the requirement of a Plaintiff to post bond. *See, Aggarwal v. Ponce Sch. of Medicine*, 745 F.2d 723, 727-28 (1st Cir. 1984).

> 2.  The elements approved by the First Circuit are present in the case at bar, and accordingly, bond should be posted

The First Circuit approved of three elements to consider when requiring a Plaintiff to post bond. They are as follows:

> (1) the plaintiff's probability of success on the merits, and the background and purpose of the suit; (2) the reasonable extend of the security to be posted, if any, viewed from the defendant's perspective; and (3) the reasonable extent of the security to be posted, if any, viewed from the non-domilciary plaintiff's perspective.

*Id.*, *see also*, Hull v. Municipality of San Juan, 230 F.Supp2d 239, 241 (D.P.R., 2002); *accord, Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d at 574; *AF Holding LLC v. Trinh*, Case No. 12-cv-02393-CRB (ECF Doc. 24) (N.D. Cal. Nov. 9, 2012) (another mass-Doe case). These elements all fall in favor of Doe.

    a.  Probability of Success

PHE is simply one additional drop in the tsunami of mass-Doe copyright plaintiffs, represented by the same counsel as many copyright trolls, filing cookie-cutter Complaints.  PHE bases its complaint on extremely tenuous circumstantial evidence – putting it mildly – that other Courts have found unlikely to succeed.  *See, e.g. AF Holdings v. Trihh, supra,* at p. 3.; *Ingenuity 13, LLC v. John Doe*, No. 2:12‑cv‑8333‑ODW(JCx) (ECF No. 130, p. 3) (C.D. Cal.May 6, 2013) (Wright, J.) (suggesting the Complaints, and subsequent investigations in these sorts of cases are based upon a "hunch").  Additionally, academic experts have published papers regarding this issue.  *See,* Piatek, M., et al, *Challenges and Directions for Monitoring P2P File Sharing Networks – or – Why My Printer Received a DMCA Takedown Notice*, USENIX HOTSEC 2008, *at* http://dmca.cs.washington.edu/dmca_hotsec08.pdf ("Copyright holders utilize inconclusive methods for identifying infringing BitTorrent users. . . . Whether a false positive sent ot a user that has never even used BitTorrent or a truly infringing user that relies upon an incomplete IP blacklists there is currently no way for anyone to wholly avoid the risk of complaints." (pp. 1, 6)).  (Exhibit A - as highlighted by Doe) These well-recognized and acknowledged issues combined with the Declaration of Doe, show that there is a significant probability of success.  See Exhibit A.

Perhaps this Court is reluctant to dismiss BitTorrent cases outright due to the technical complexity of the cases.  While understandable, in doing so, the Courts allow cases to proceed as far as summary judgment, not only embarrassing the Doe, but running up large legal costs.  However, Judge Otis Wright simplifying the issue, has indicated that the Complaints are insufficient as a matter of law.  As indicated by the Complaint, each individual Doe is only accused of a single bit of information.  ECF Doc. 1-4.

> To allege copyright infringement based upon an IP snapshot is akin to alleging theft based on a single surveillance camera shot: a photo of a child reaching for

> candy from a display does not automatically mean he stole it.  No Court would allow a lawsuit to be filed based on that amount of evidence. . . . In the former case, some chocolate was taken, in the latter case, an encrypted, unusable chunk of zeroes and ones. . . . If a download was not completed, Plaintiff's lawsuit may be deemed frivolous.

*Ingenuity 13, LLC v. John Doe*, No. 2:12‑cv‑8333‑ODW(JCx) (ECF No. 130, p. 5 - 6) (C.D. Cal.May 6, 2013).  If the Complaint is insufficient, it is tends towards the hypothesis that the Plaintiff will not be able to prove its case later.

Finally, this Court may question the probability of success in obtaining attorney's fees as part of costs.  As noted above, the Copyright Act authorizes the collection of these attorney's fees.  17 U.S.C. § 505.  This is likely to prevent defendants from being forced into settling for nuisance values.  *Assessment Technologies of Wisconsin, LLC v. Wire Data, Inc.*, 361 F.3d 434, 436 (7th Cir. 2004) ("when the prevailing party is the defendant, who by definition receives not a small award, but no award, the <u>presumption in favor of awarding fees is very strong</u>.  For without the prospect of such an award, the party <u>might be forced into a nuisance settlement</u> or deterred altogether from exercising his rights.") (emphasis Doe's).

For these reasons, Doe has demonstrated that he is probable to succeed on the merits of this case, and bond should be posted.

    b.  The background of the suit very much suggests bond be posted

"Plaintiff's have outmaneuvered the legal system. . . " *Id.*  Plaintiff's attorney is one of a handful of well-organized lawyers who regularly file suits like this across the United States.  Currently, Plaintiff's counsel has cases in several different jurisdictions, with several different Plaintiff's, all mass-Doe litigation from the same cookie-cutter Complaints.  There is no requirement that this Court turn a blind eye to the true purpose of the subpoenas issued.  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978).

Courts across the country have repeatedly questioned the tactics employed by mass-Doe plaintiffs, noting the cookie-cutter complaints and filings are calculated not to recover for legitimate reasons, but to extort cost-of-defense nuisance value settlements.  *See, e.g. PHE, Inc. v. Does 1-105*, Case No. 1:12-cv-03342-WJM-KLM (ECF Doc. 6 at 9) (Colo. Jan 4, 2013)  (expressing – in a case with the same Plaintiff & swarm – that it is troubled by the method of litigation used); *Ingenuity 13, LLC v. John Doe,* No. 2:12-cv-8333-ODW(JCx) (ECF No. 130) (C.D. Cal. May 6, 2013); *Voltage Pictures, LLC v. Does 1-198, Does 1-12, Does 1-34, Does 1-371*, Case no. 6:13-cv-290-AA, Order p. 8-10 (OR May 4, 2013)(referring to the "underhanded business model" which the "court will follow the majority of other courts in declining to condone this practice. . . "); *Malibu Media LLC v. John Does 1-10*, No. 12-03623 (ECF Doc. 7 at 6), 2012 U.S. Dist. LEXIS 89286 at *8-9 (C.D. Cal. June 27, 2012) ("The federal courts are not cogs in a plaintiff's copyright-enforcement business model.  The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to a trial.").

The strategy is improper joinder of unrelated defendants, subpoena ISPs, get identities, and shake-down for nuisance value settlements.  All for a single $350.00 filing fee.  These mass-Doe plaintiffs do not go to trial on such shaky evidence, because they obtain all of their settlement money and move on.  Accordingly the "purpose of the lawsuit factor" would strongly favor require PHE to post bond.

   c.  Reasonableness of amount – Defendant's perspective

A reasonable amount of security would be the amount that Doe would reasonably be expected to spend defending himself.   As noted above, there is a strong presumption that Doe's costs, including attorney's fees, should be awarded if he is successful.  17 U.S.C. § 505; *Assessment Technologies of Wisconsin, LLC*, 361 F.3d at 436.  The issue is how do we estimate this amount?

The Federal Circuit, which handles a great number of intellectual property appeals (including most patent appeals) has approved of the use of the American Intellectual Property Law Associations Economic Survey.  *See, View Engineering, Inc. v. Robotic Vision Systems, Inc.*, 208 F.3d 981, 987 (Fed. Cir. 2000).  AIPLA's most recent survey shows that copyright litigation in the "Other Central" region of the United States, in cases involving less than one-million dollars, will cost around $250,000.00.  Considering the complex technical aspects of this case, it is likely the costs will be even greater.  Accordingly, it is evident that $250,000.00 is actually on the low-end and is more than reasonable.

        d.        Reasonableness of amount – Plaintiff's perspective

If the amount to be spent by Doe is reasonably based upon a judicially accepted measure of estimation, then Plaintiff should accept the same.  To do otherwise would allow PHE to place the burden of financing its business model upon Internet Service Providers and this Court.  *Malibu Media LLC v. John Does 1-10*, No. 12-03623 (ECF Doc. 7 at 6), 2012 U.S. Dist. LEXIS 89286 at *8-9 (C.D. Cal. June 27, 2012) ("The federal courts are not cogs in a plaintiff's copyright-enforcement business model.").  Doing so would impermissibly tip the scales impossibly in PHE's favor.

PHE is the parent company of Adam & Eve.  It is the largest mail order distributor of condoms, sex toys, and pornographic movies in the country.  Schossler, E. *Reefer Madness, Sex Drugs and Cheap Labor in the American Black Market*, Houghton Mifflin Harcourt (2004).  It is the largest employer in Hillsborough, North Carolina and one of the largest producers of pornographic films in the U.S.  It certainly has the funds to post a bond in this case.  If this is not the case, PHE should be required to show why it cannot do so.  However, PHE is well aware that it will receive its bond back, with interest, if it wins its case on the merits.

**III.  Conclusion**

As demonstrated, the need for a bond in this case is apparent, and well within this Court's wide discretion to do so.

WHEREFORE, Defendant Doe respectfully requests that the Court enter an Order requiring Plaintiff PHE, Inc. be required to post bond of $250,000.00 within seven days of the Court's Order.

Respectfully submitted,

/s/Jonathan LA Philips
Jonathan LA Phillips
One of Doe's Attorneys
418 Fulton St.
Ste. 255
Peoria, IL 61602
309.494.6155
jphillips@skplawyers.com
IL Bar No. 6302752
*Pro hac vice admission pending*

### CERTIFICATE OF SERVICE

The undersigned certifies that on July 11, 2013, he caused the foregoing, and all attachments referenced, to be filed with the Court via the CM/ECF electronic filing system, thereby serving all parties of record.

/s/ Jonathan LA Phillips