IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PHE, Inc. | ) |
| | ) |
|     *Plaintiff,* | ) |
| | ) |
| v. | ) Case No. 4:12-cv-02296-HEA |
| | ) |
| DOES 1-96. | ) **JURY TRIAL DEMANDED** |
| | ) |
|     *Defendants.* | ) |

## MOTION TO QUASH

COMES NOW Doe 46, by and through counsel, and for its Motion to Quash Subpoena issued to Custodian of Records of Charter Communications, Inc., states:

1. Pursuant to Fed. R. Civ. P. 45(c)(3)(A), Doe 46 files this Motion to Quash subpoena served on the Custodian of Records of Charter Communications for identifiable personal and confidential information concerning IP Address 97.85.244.187 because the subpoena requires disclosure of protected information and subjects Doe 46 to undue burden. Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link Doe 1 to alleged infringing activity.

2. Upon information and belief, Plaintiff filed suit in the Eastern District of Missouri against 96 unnamed DOE defendants, who are identified in its Complaint only by internet protocol (IP) addresses. Plaintiff alleges that these DOE defendants have obtained an adult video in violation of Plaintiff's copyrights.

3. Charter Communications, Inc. is an internet service provider (ISP) that provides internet service to its customers, including DOE No. 46.

1

4. Plaintiff, PHE, Inc., on information and belief, is a producer of adult entertainment films and content. Plaintiff served a subpoena on Custodian of Records, Charter Communications, Inc., to compel the disclosure of documents to identify the name, address, telephone number, and e-mail address of DOE No. 46, so DOE No. 46 can be named as a defendant in Plaintiff's copyright infringement action.

5. DOE No. 46 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE No. 46 has personal and proprietary interests. DOE No. 46 also has standing to move to quash the subpoena to protect reputational interests. FED. R. CIV.P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

6. According to the docket sheet for Plaintiff's suit, no defendant has been identified, served with process, or answered, other than a limited entry by Doe 52 to to file its Motion to Quash. The Eastern District of Missouri thus lacks personal jurisdiction over any of the DOEs at this point. The Eastern District of Missouri also lacks personal jurisdiction over DOE No. 46.

7. Plaintiff filed an ex parte application for "early discovery" (before a Rule 26(f) conference) so that it could serve subpoenas on ISPs, such as Charter Communications, to determine the internet subscriber names, addresses, and e-mail addresses associated with the IP addresses listed in its Amended Complaint.

8. The PHE, Inc. complaint and ex parte request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it. In a remarkably similar case in which

an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that, "IP subscribers are not necessarily copyright infringers…The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, *VPR Internationale v. DOES 1-1017*, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker) [hereinafter VPR Internationale Order]. The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity. Id. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by the court in *VPR Internationale* when it describes a raid by federal agents on a home allegedly linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from Charter Communications, Inc.) After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. *Id.* This risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should this Court force Charter Communications, Inc. to turn over the requested information, DOE No. 46 would suffer a reputational injury.

9. The likelihood that an individual, other than DOE No. 46, infringed Plaintiff's copyrights is too great to support any correlation between DOE No. 46 and the alleged violation that Plaintiff seeks to prove. Here, the risk of reputational injury to a person from public

exposure and association with the PHE, Inc.'s allegations—even if later disproven—is too great and presents an undue burden to DOE No. 46 under FED. R. CIV. P. 45(c)(3)(A)(iv).

10. If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as DOE No. 46 will face untold reputational injury, harassment, and embarrassment. The reputational risk that the court in *VPR Internationale* found to be an undue burden is equally presented here: "[W]hether you're guilty or not, you look like a suspect." Id. at 3. Moreover, this case presents the same extortion risk that so concerned Judge Baker in *VPR Internationale*:

"Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case." Id. Discovery is not a game. Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. Id. Such abuse of the discovery process cannot be allowed to continue.

11. Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. See *Syposs v. United States*, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("the reach of a subpoena issued pursuant to [FED. R. CIV. P. 45] is subject to the general relevancy standard applicable to discovery under [FED. R. CIV. P. 26(b)(1)]."). The information linked to an IP address cannot give you the identity of the infringer. Because the infringer could have been anybody with a laptop passing within range of the wireless router, the information sought by Plaintiff is not relevant to the allegations in any way. Id. Moreover, even if the information has some small amount of

4

relevance to the claim—which it does not—discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED. R. CIV. P. 26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that DOE No. 46 was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to DOE No. 46 is severe. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. *Id.* Moreover, the information sought by PHE, Inc. is overly broad as it seeks *all* email address(es) and all Media Access Control Numbers for each named DOE which is outside the scope of the allegations alleged, not simply information regarding the address used to engage in the alleged violations. Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE No. 46 if allowed to proceed. Good cause exists to quash the subpoena served on Charter Communications, Inc. to compel the disclosure of the name, address, telephone number and e-mail address of DOE No. 46.

Respectfully submitted:

KASPER LAW FIRM, LLC

By: /s/ Kevin J. Kasper
Kevin J. Kasper, #52171MO
3930 Old Hwy 94 South
Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: kevinkasper@kasperlawfirm.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that an exact copy of the foregoing pleading was served upon each counsel of record via the CM/ECF system, which will send notification of such filing,

and/or was sent by U.S. Mail, postage prepaid, and/or via email, and/or via Facsimile this 22th day of July, 2013 to the following:

Paul A. Lesko, Esq.
Simmons and Browder, LLC
One Court Street
Alton, IL 62002
Email: plesko@simmonsfirm.com


Charter Communications, Inc.
Legal Department
12405 Powerscourt Drive
Saint Louis, Missouri 63131
Facsimile: (314) 909-0609

                /s/ Kevin J. Kasper