# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| PHE, Inc., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 4:12-cv-02296-HEA |
| | ) | |
| DOES 1-96, | ) | Hon. Judge Henry E. Autrey |
|     Defendants. | ) | |
| | ) | |

## MOTION TO PROCEED ANONYMOUSLY (FED. R. CIV. P. 8); MOTION TO SEVER (FED. R. CIV. P. 21); MOTION TO QUASH SUBPOENA (FED. R. CIV. P. 45)

COMES NOW, JOHN DOE 86, ("Doe 86"), by and through his attorney, John R. Schneider, of Johnson & Schneider, L.L.C. and moves this Court for leave to proceed anonymously, to sever him from this action and quash the subject subpoena and in support of his Motion, states to the Court as follows:

### I. Introduction

Doe 86 received a letter from Charter Communications with a 1 page copy of a Subpoena requesting certain information including private information from a Charter account owned by Doe 86 as being requested by Plaintiff.

Only part of the Subpoena was attached to the cover letter sent by Charter Communications to Doe 86.

Doe 86 was never personally served anything from Plaintiff, but rather provided a part of a subpoena from Charter Communications. Part of the request of Plaintiff includes information that may be protected, private information that has nothing to do with its suit that has been filed before this Court. According to Charter Communications, there is a privacy

policy in effect under Charter's agreement with Doe 86, which protects Doe 86's identity and prohibits certain information from being disclosed.

## II. Legal Argument

### A. Doe 86 Proceeding Anonymously

Doe 86 should be allowed to proceed anonymously in this action. Doe 86's privacy interests outweigh the public knowing his identity.

This cause appears to be some form of mass litigation that in other jurisdictions has led to unjustified settlements.

Doe 86 does not own a computer, does not access internet through Charter Communication Services and therefore has no information to be disclosed pursuant to the subpoena.

Further, Doe 86 did not download, view or have access to any property of Plaintiff, including the movie identified in Plaintiff's cause of action.

The allegation that a pornographic movie was downloaded by Doe 86 or someone using internet services through Doe 86's internet service is a severe allegation that could cause someone embarrassment or shame if his name was disclosed to the public.

For these reasons, Doe 86 respectfully requests this Court to allow him to proceed anonymously.

### B. The subpoena should be quashed

Doe 86 has standing to challenge the issued subpoena. The information requested in the subpoena contains private, protected information of Doe 86 that is irrelevant and unnecessary for this litigation. Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv), this Court should quash the subpoena due to the nature of the information being requested being privileged or private

information and the undue burden placed on Doe 86, which is not outweighed by the interests of Plaintiff in this cause.

To Doe 86's knowledge, there is no allegation that Doe 86 was the infringer or pirated the movie identified by Plaintiff. Obtaining information that does not pertain to this movie, including other private information about Doe 86, does not lead to admissible evidence in this cause. The nature of the subpoena appears to be a fishing expedition of Plaintiff to obtain information about Doe 86 who may not have had any involvement whatsoever in the downloading of any movie owned by Plaintiff.

Plaintiff's request appears to be an unduly burdensome request on Doe 86, vague and otherwise overly broad, all of which are proper objections to the subpoena issued on behalf of Plaintiff. Due to the nature of the action, it appears that the subpoena is being used as a tool to obtain unnecessary, irrelevant information that can lead to a harassment, annoyance or embarrassment to Doe 86.

The subpoena, although issued to Charter Communications, has resulted in Doe 86 having to employ counsel, having to address an accusation that Doe 86 denies having any involvement with, and being unduly burdened by having to determine what exactly Plaintiff is attempting to obtain by a broad subpoena issued on Doe 86's internet carrier.

The subpoena should be quashed on this basis.

C. **Severance from suit**

There is no allegation known to Doe 86 that he personally did anything to cause the pirating of a movie owned by Plaintiff or had any personal involvement in such taking. There is further no allegation known to Doe 86 that implicates he was involved in any such activity. There is also nothing alleged that implicates Doe 86 had any connection with the other Doe Defendants other than having the same internet service provider.

There is no reason why Plaintiff could not have brought suit against Doe 86 if there was a good faith belief that Doe 86 had personally taken or participated in the taking of intellectual property owned by Plaintiff.

Doe 86, respectfully requests this Court to sever him from this action and dismiss him accordingly.

### III. Conclusion

For the foregoing reasons, Doe 86 respectfully requests entry of an Order quashing the subpoena at issue, severing and dismissing Doe 86 from this action, and if not, as an alternative request, allowing Doe 86 to proceed under the identity of Doe or Doe 86 for his privacy and for such other and further relief as this Court determines just and proper in the circumstances.

JOHNSON & SCHNEIDER, L.L.C.

/s/ John R. Schneider
JOHN R. SCHNEIDER

JOHN R. SCHNEIDER
JOHNSON & SCHNEIDER, L.L.C.
212 North Main Street
Cape Girardeau, MO 63701
Telephone: (573) 335-3300
Facsimile: (573) 335-1978
www.johnsonschneider.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 26th day of July, 2013, a copy of the above and foregoing pleading was filed electronically with the Clerk of the Court, using CM/ECF System, which sent notification of such filing to all parties of record and the undersigned additionally certifies that non-party Charter Communications was served by facsimile on the same date.

/s/ John R. Schneider
JOHN R. SCHNEIDER