IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | |
|---|---|
| PHE, INC. <br><br>PLAINTIFF, <br><br>V. <br><br>DOES 1 – 96, <br><br>DEFENDANTS | Case No. 4:12-cv-02296-HEA <br><br> Hon. Judge Henry E. Autrey |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO REQUIRE PLAINTIFF TO POST BOND FOR COSTS AND EXPENSES**

Now Comes Doe 52 ("Doe"), by and through his counsel, who submits this Reply Memorandum in Support of his Motion to Require Plaintiff to Post Bond for Costs and Expenses.

I. **Introduction**

Doe requested that this Court require PHE to undertake the placement of the funds expected to be spent by Doe in defending himself.  (ECF Doc. 15).  Doe simply wishes to ensure that when he prevails in this case – as he expects to – he can collect his costs, including attorney's fees, for defending against a suit brought without adequate knowledge of whether or not he actually infringed.

It goes without saying that this is not a typical case.  The case is part of a spreading business model that has been characterized, by many on the federal bench, to be extortion.  PHE has ignored the fact that its case is based upon extremely tenuous circumstantial evidence, has disclosed portions of settlement negotiations in order to gain leverage, and overall, ignored the entire purpose of the requested undertaking.  This nascent area of law, with what appears to be forum shopping and no opinions from appellate courts, necessarily involves seeking authority

outside of the Eastern District of Missouri and the Eighth Circuit.  All of that authority indicates that a bond should be undertaken.[1]

## II. PHE's Response should be stricken for violating Local Rules

The Eastern District of Missouri requires Responses to Motions to be filed within seven days of service of the Motion. Local Rule 7-4.01(B).  Doe's Motion seeking the undertaking was filed on July 11, 2013.  (ECF Doc. 15).  PHE's Response was not filed until July 22, 2013.  (ECF Doc. 19).  Being violative of the local rules, the Response should be stricken, and not considered in ruling upon the Motion.   However, even if this Court wishes to consider the inappropriately filed Response, a bond should still be posted.

## III. PHE misstates the purpose of posting a bond

Doe is not attempting to force PHE "pay" anything.  Rather, he requests that a bond be posted, which PHE would have returned, with interest, if successful in its case.  The purpose of the bond is not to ensure that PHE is solvent, but rather to ensure collectability from an out of jurisdiction Plaintiff.  Doe should not be forced to litigate here to defend itself, only to be forced into the Middle District of North Carolina in order to recover its costs.  Therefore, it is appropriate to confirm that the funds to pay the costs are in the Eastern District of Missouri, not simply that they exist.

## IV. PHE has put forth no reason to believe it will prevail and an undertaking is appropriate

"Federal district courts have the inherent power to require plaintiffs to post security for costs."  *Simulnet E. Assocs. v. Ramada Hotel Operating Co.,* 37 F.3d 573 574 (9th Cir. 1994); *Aggarwal v. Ponce School of Medicine,* 745 F.2d 723, 726 (1st Cir. 1984); *AF Hodlings LLC v.*

---

[1] PHE indicates that case law is limited, and a review of the authority in its Memorandum in Support of its Motion For Leave to Take Discovery Prior to Rule 26(f) Conference is indicative of the lack to BitTorrent litigation authority in this District.  (ECF Doc. 6)

*Trinh*, Case No. 12-cv-2393-CRB, Order Granting Motion to Post Undertaking (N.D. Cal. Nov. 9, 2012) (another BitTorrent mass-Joinder case).

As described in the Motion, PHE's case against Doe is weak.  Other courts handling BitTorrent – Doe litigation have recognized this when ordering an undertaking to be posted.  *AF Holdings, LLC v. Trinh,* Case No. 12-cv-2393-CRB, Order Granting Motion to Post Undertaking (N.D. Cal. Nov. 9, 2012) ("Plaintiff's current evidence infringement is weak").  Doe has provided a Declaration and authority showing that he is not the alleged infringer.  His refusal to allow the Defendant to snoop through his computer devices – part of settlement discussions and inappropriately revealed in PHE's Response – is based upon the fact he wishes to remain anonymous in these proceedings and has a pending Motion regarding the same.  This is certainly understandable considering the fact that Doe has been falsely accused of downloading a pornographic film.  PHE has, admittedly, put forth no authority showing anything more than Doe's IP address was used, not that Doe actually did it.

PHE does admit that houseguests or other persons might have actually infringed – recognizing that Doe may not be the infringer.  However, PHE conveniently ignores the fact that neighbors or their guests may have been the actual infringer.  In fact, the wall-to-wall distance to Doe's neighbors'[2] homes are only approximately: 11 feet to the easterly neighbor, 15 feet to the westerly neighbor, 105 feet to the northerly neighbor, and 120 feet to the southerly neighbor.  Wireless routers typically have a range of 120 feet indoors and three hundred feet outdoors.[3] There are around a dozen different homes, with all numbers of residents, and their guests, that could have been making use of the unsecured – at the time – wireless router.  The fact of the

---

[2] In order to protect his anonymity, Doe is not providing his address in this filing, but would be happy to allow for the Court to in camera review a map of the neighborhood that Doe lives in.

[3] Wikipedia, *Wi-Fi.*  (*available at*, http://en.wikipedia.org/wiki/Wi-Fi) (last accessed July 28, 2013).

matter is that Doe didn't infringe and doesn't know who used his router.  See Declaration of Doe 52 (ECF Doc. 15-1).

### V. The bond amount to be posted is reasonable

As Doe stated in his original Motion, it is incontrovertible that PHE has every right to petition the Courts in an attempt to protect its copyrighted material.  However, when petitioning the Court PHE has to accept the potential economic stresses that go along with litigating.[4]  PHE clearly expects wrongly accused Doe defendants to do so, or, in the alternative, to pay nuisance value settlements for fear of not collecting costs from out-of-jurisdiction Plaintiffs.  However, unlike wrongly accused Doe Defendants, PHE has other tools at its disposal to protect its copyright interests, e.g. DMCA Take Down Notices and the Copyright Alert System.[5]  These tools are simply more cost-effective and utilized by major motion picture studios, also suffering from piracy, but with higher budget films and revenues to be lost.  It is PHE that is choosing to undertake costly publicly-subsidized dispute resolution processes to protect its interests, and Doe should not be punished for PHE's business decision by worrying about the inherent difficulty in collecting costs from a non-resident Plaintiff.

PHE attempts to characterize the amount of bond as abnormally high.  In doing so, it relies upon the fact that Doe's counsel has defended Doe defendants in the past.  This proposition ignores the fact that different motions in different jurisdictions require research into the case-law in those jurisdiction and is <u>limited only to motions for severance and not litigation on the merits</u>.  It is known that discovery in these cases will certainly vary, and preparing for trial for each Doe defendant in mass-Doe litigation is not a routine matter to be duplicated, unlike Plaintiff's cookie-

---

[4] It has already saved tens of thousands of dollars by improperly joining Doe defendants and not paying filing fees to the District Court.

[5] Doe has discussed these cost-effective alternatives to costly litigation in a previous Motion.  See, Motion to Proceed Anonymously, Motion to Sever, & Motion to Quash Subpoena (ECF Doc. 20 at pp. 4-5) (July 22, 2013).

cutter Complaints.[6,7]  The amount requested is not absurd.  The simple, undisputed, fact of the matter is that the American Intellectual Property Law Association has indicated that trying this case is likely to cost Doe $250,000.

PHE has failed to suggest any amount it would find reasonable undertaking in this case.[8]  However, in the spirit of reasonableness, Doe puts forth that appropriate amount of bond to be posted could be reached by gradually scaling up the bond amount as litigation progresses and only for those Does who actually engage counsel in defending themselves.  Doing so would leave Doe adequately protected, in that his costs would be easily recoverable in this jurisdiction.  It would also be to the benefit of PHE, because the undertaking would not be an all-at-once undertaking.

### VI. A hearing is appropriate, but not for the reason requested

Oral argument may appropriate in this case, so that the Court can have any questions it may have about the wave of BitTorrent mass-Doe litigation answered.  However, the additional purposes for which PHE seeks a hearing are inappropriate.  For example, seeking evidence and testimony about settlement discussions for the purpose of impeaching Doe's Declaration is in direct contravention of Federal Rule of Evidence 408.  Further, the Declaration itself is evidence.  It is a sworn-to statement of a party.  While arguing out of one-side of its mouth that the Declaration is premature, it speaks from the other side to litigate the defense at a hearing before Doe has even been served.  Finally, there is a pending Motion regarding keeping Doe's identity anonymous. (ECF Doc. 28).  To have Doe appear and testify would certainly be prejudicial to Doe, allowing PHE to ascertain his identity prior to having any Order of the Court allowing the same.

---

[6] *See, e.g., reFX Audio Software, Inc. v. Does 1 – 97*, Case No. 4:13-cv-00409-CEJ (ECF Doc. 28, p. 6) (E.D.Mo. July 16, 2013) (describing the numerous defenses put forth by different does, including, improper jurisdiction, misjoinder, use of unsecured wireless networks, non-personal responsibility, and being a holder of a multi-user account.)

[7] The duplicative nature of PHE's Complaints is a fact to be considered if Plaintiff were to prevail against a Doe when computing attorney's fees.

[8] The amount of $500.00 is not reasonable and was based upon cases involving different stages of litigation, equitable relief, and widely varying facts.

**VII. Conclusion**

For these reasons, and the reasons in the original Motion, Doe 52 respectfully requests that that relief sought in the original Motion be granted.

                                            Respectfully submitted,

                                            /s/Jonathan LA Philips
                                            Jonathan LA Phillips
                                            One of Doe's Attorneys
                                            418 Fulton St.
                                            Ste. 255
                                            Peoria, IL 61602
                                            309.494.6155
                                            jphillips@skplawyers.com
                                            IL Bar No. 6302752

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on July 29, 2013, he caused the foregoing, and all attachments referenced, to be filed with the Court via the CM/ECF electronic filing system, thereby serving all parties of record.

                                            /s/ Jonathan LA Phillips