IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | |
|---|---|
| PHE, INC.<br><br>PLAINTIFF,<br><br>V.<br><br>DOES 1 – 96,<br><br>DEFENDANTS | Case No. 4:12-cv-02296-HEA<br><br>Hon. Judge Henry E. Autrey |

**REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO PROCEED ANONYMOUSLY (FED. R. CIV. P. 8), MOTION TO SEVER (FED. R. CIV. P. 21), MOTION TO QUASH SUBPOENA (FED. R. CIV. P. 45)**

I. **Introduction**

On July 22, 2013, Doe 52 filed his Motion to Proceed Anonymously, Motion to Sever, and Motion to Quash Subpoena (the "Motion"). (ECF Doc. 20). On July 29, 2013, the Plaintiff, PHE, Inc. filed its opposition (the "Response"). (ECF Doc. 30). For the sake of simplicity, Doe 52 will reply to PHE in the same order that PHE presented its arguments.

II. **The subpoena does not seek relevant information and should be quashed – a position not addressed by PHE's Response**

PHE, in its Response, asserts two grounds for denying the Motion to Quash: (i) lack of standing and (ii) a privacy argument more appropriate for discussion regarding the Motion for Leave to Proceed Anonymously (discussed in §IV below). Significantly, PHE fails to fully address the relevancy argument put forth by Doe 52. As made evident by the authority provided by Doe 52 in his Motion, it is incontrovertible that he has standing to challenge the subpoena.

As explained in the Motion, the subpoena sent by PHE does not purport to seek relevant information, and for that reason, is not proper discovery under Fed. R. Civ. P. 26(b)(1) and should be quashed. The case law relied upon by PHE indicates that the information sought in that case

1

was relevant primarily due to the fact it could serve as a starting point of investigation. Pltf's Resp. p. 7. (ECF Doc. 30, p. 13), *citing, Malibu Media, LLC v. John Does 1-6,* --- F.R.D. ---, 2013 WL 2150679, at *5 (N.D. Ill. May 17, 2013) (granting leave to proceed anonymously). However, in the case at hand, Doe 52 has indicated that his identity will not serve as a starting point. He is not the infringer. Decl. Doe 52, ¶ 7 (ECF Doc. 15-1). The router was unsecured, allowing any number of people to access it. *Id.,* ¶ 5, 6, & 8. He has attempted to determine who the infringer is, and has failed. *Id.*, ¶ 7. Accordingly, Doe 52's identity is not a starting point, and the case at hand is distinguishable from the authority cited by PHE.

Somewhat strangely, in its Response, PHE asserts that Doe 52 may have contributorily infringed by allowing others to use Internet connected devices within the range of his wireless router. PHE's Response is the first time this position has been asserted. This position is not plead in the Complaint and PHE puts forth no authority to support such a spurious position. This may be because the claim is completely devoid of merit, in fact and law. In fact, authority from as high as the Supreme Court of the United States belies this new position taken by PHE.

"One infringes contributorily by intentionally inducing or encouraging direct infringement." *MGM v. Grokster*, 545 U.S. 913, 930 (2005). In reaching this conclusion, the Supreme Court cited to *Gerswhin Publishing Corp. v. Columbia Artists Mgmt, Inc.*, wherein the Second Circuit put forth a similar test for contributory infringement. 443 F.2d 1159 (2d Cir. 1971). The Second Circuit held, "One who, with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another may also be held liable for the infringement." *Id.* at 1162. More recently, it has become evident that the law requires knowledge of the infringing activity, an intent, and the inducing or causing of the infringing conduct. For example, the Ninth Circuit stated that "a computer system operator can be only held contributorily liable if it has <u>actual</u> knowledge that <u>specific</u> infringing material is available using its system." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508

F.3d 1146 (2007)(emphasis added). Even more recently, in March, the Ninth Circuit held that there must be a requisite amount of supervision of the network to give rise to contributory infringement. *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013).

It is evident that PHE is attempting to suggest it has a cause of action that is neither plead, nor having any merit in order to gain a toehold for relevancy. This specious position, not even adopted in a pleading, should not suddenly provide that toehold. For these reasons, and those of the Motion, it is requested that the Motion to Quash be granted as seeking irrelevant information.

### III. This Court and others are severing Does this <u>exact same case</u>

It is incontrovertible that there are intra-Court splits on the so-called "swarm joinder theory." However, courts have recognized that decisions from as recent as twenty-two months ago were based upon a misunderstanding of the BitTorrent technology and the litigation tactics of mass-Doe plaintiffs. *Malibu Media v. Reynolds,* 12-cv-6672 (ECF No. 51, p. 26-27) (N.D. Ill. Mar. 7, 2013). Thus, older cases should not be considered adequate authority for alleging a circuit split.

Without restating the authority and argument already provided in the Motion, it should suffice it to say, that a Court, dealing with the same Plaintiff, and the exact same set of infringers – the same "swarm" – *sua sponte* severed 104 Does. *PHE, Inc. v. Does 1-105*, Case No. 12-cv-3442 (ECF Doc. 6, p. 10) (Colo. Jan 4, 2013). Since that time, <u>this</u> <u>Court</u>, again with the same Plaintiff, and the same swarm[1] severed twenty-six Does, *sua sponte*. *PHE, Inc. v. Does 1-27*, No. 13-CV-00480, 2013 WL 3225811, at *3 (E.D. Mo. June 25, 2013). To be clear, the Does severed in those cases in Colorado and here in the Eastern District of Missouri, along with the Does of this case, were all allegedly infringing the exact film, the exact same way, and participating in the same

---

[1] It is unknown why PHE would take participants in the same swarm, all in within the jurisdiction of this Court, and choose to sue ninety-six in one case and twenty-seven in another. The failure to join all Does in a jurisdiction in a single action belies PHE's entire position regarding joinder. One hypothesis for such self-severing could be that PHE is intentionally either (i) attempting to create splits within courts to preserve its business model or (ii) not putting all its eggs in a single basket within a single district court.

3

exact swarm, and if not for jurisdictional issues, and PHE's own motivations, they all could have been part of a single suit under PHE's adopted swarm-joinder position. Essentially, the cases are identical.

This Court, and others, are *sua sponte* severing Does in identical cases. It is respectfully suggested that the courts' reasoning is sound and this Court should do the same today. Additionally, the fact that the alleged activities took place over an extended amount of time, as fully argued in the Motion, is indicative of the fact that joinder is improper and the Does should be severed as recognized by the judicial trend of severing these mass-Doe cases.

## IV. There is no reason to publicly out Does, other to coerce settlements

What is before the Court is a "matter[] of a highly sensitive and personal nature" involving a minimal harm to the public, and an infamous *modus operandi*. *See, Malibu Media, LLC v. Reynolds,* No. 12-cv-6672 (ECF Doc. 51, p. 11) (N.D.Ill. Mar 7, 2013) (noting the allegation of downloading pornography is highly sensitive and personal). As Doe 52 already stated in his Motion, in nearly identical and very recent cases, Courts have allowed Does to proceed anonymously. In his Motion, Doe 52 has put forth sufficient factual and legal justification for allowing him to proceed anonymously. PHE has put forth no compelling reason to publicly out Doe 52. Rather, PHE's own authority indicates that proceeding anonymously is proper. *See, e.g. Malibu Media, LLC v. John Does 1-6,* --- F.R.D. ---, 2013 WL 2150679, at *5 (N.D. Ill. May 17, 2013) (granting leave to proceed anonymously) (cited Pltf., Resp. p. 7) (ECF Doc. 13 p. 13).

Doe has made it clear in a sworn statement that he did not infringe upon PHE's rights, and does not know who did or is. Even if PHE were able to gain some information that would allow it to find the actual infringer, which it cannot, it serves no purpose to publicly shame Doe 52. PHE has failed to put forth a single reason why it is appropriate, or it needs to, publicly name Doe 52 in this

action. Accordingly, if the subpoenas are not quashed, Does should be allowed to proceed anonymously, at least through the dispositive motion portions of this proceeding.

### V. Conclusion

For these reasons, and those provided in the Motion, Doe 52 respectfully asserts that the relief sought in the Motion is proper, and should be granted.

Respectfully submitted,

/s/Jonathan LA Philips
Jonathan LA Phillips
One of Doe's Attorneys
418 Fulton St.
Ste. 255
Peoria, IL 61602
309.494.6155
jphillips@skplawyers.com
IL Bar No. 6302752

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 5, 2013, he caused the foregoing, and all attachments referenced, to be filed with the Court via the CM/ECF electronic filing system, thereby serving all parties of record.

/s/ Jonathan LA Phillips
